IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO;<br><br>Plaintiffs,<br><br>v.<br><br>Ranger Construction, Inc., an Illinois Corporation; and Satwant K. Kaler, an Individual;<br><br>Defendants. | CIVIL ACTION<br><br>No.: 19-CV-1447 |

## COMPLAINT

Plaintiffs, Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union"); bring this action to collect fringe benefit contributions and administrative dues from Defendants, Ranger Construction, Inc. and Satwant K. Kaler.

### COUNT I.  SUIT FOR DELINQUENT CONTRIBUTIONS

**Facts Common to All Counts**

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Ranger Construction, Inc. ("Ranger") is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Chicago, Illinois.

3. Ranger identified Satwant K. Kaler as President (Exhibit A).

4. On August 1, 2014, Ranger through its agent Jaspal Kaler signed Memoranda of Agreement (attached as Exhibit B and Exhibit C) with the Union that adopted the terms of several collective bargaining agreements ("CBAs") including the Illinois Heavy and Highway and Underground Agreement Districts 1-2-3 (excerpts attached as Exhibit D) and the Mid-America Regional Bargaining Association Illinois Building Agreement (excerpts attached as Exhibit E).

5. The CBAs and the Agreements and Declarations of Trust incorporated therein require Ranger to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

6. The CBAs and Trust Agreements specifically require Ranger to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

Case: 1:19-cv-01447 Document #: 1 Filed: 02/28/19 Page 3 of 10 PageID #:3

(e) Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f) Furnish to the Funds a bond in an amount acceptable to the Funds.

7. The CBAs also require Ranger to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBAs place the same obligations on Ranger with respect to CRF as it does the Funds.

8. The CBAs further require Ranger to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Ranger does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

9. In order to forestall the filing of another lawsuit, Ranger and Satwant K. Kaler executed a Payment Plan Agreement ("Payment Plan") (Exhibit F). In that Payment Plan, Ranger agreed to make installment payments of the delinquent sums that it owed the Funds, the Union, and CRF. Ranger and Satwant K. Kaler further agreed to submit forthcoming monthly reports, contributions, and dues payments timely. Satwant K. Kaler agreed to accept personal liability for any amounts owed by Ranger. Both consented to the entry of judgment against each of them in the event of breach of the Payment Plan.

10. Ranger has become delinquent in the submission of its reports and contributions due the Funds and CRF, and reports and dues to the Union. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

3

**Jurisdiction and Venue**

11. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute. Furthermore, Ranger stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit F).

12. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

**Allegations of Violations**

13. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

14. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

15. Ranger has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds and refused to pay liquidated damages and interest that has accrued.

16. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Ranger, there is a total of $72,422.97 known to be due the Funds from Ranger, before the assessment of fees and costs, and subject to the possibility

that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against Ranger for all unpaid contributions as identified in Ranger's contribution reports;

B. Enjoin Ranger to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin Ranger at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Ranger owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Ranger to pay any contributions reasonably estimated to be due by the Funds for the period when Ranger failed and refused to timely submit contribution reports;

D. Enter judgment against Ranger and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E. Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Ranger's cost.

### COUNT II.  SUIT FOR BREACH OF PAYMENT PLAN

1-10. The Funds re-allege and incorporate herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

### Jurisdiction and Venue

11. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185, because the Payment Plan is an extension of the CBAs. Furthermore, Ranger stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D).

12. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties, and because the Payment Plan was partly executed and some of the performance took place in Cook County, Illinois.

**Allegations of Violations**

13. Ranger has breached its obligations under the Payment Plan because it has failed to make its installment payments timely, and failed to submit its monthly reports, contributions, and dues timely. Ranger has failed to pay liquidated damages and interest that has accrued. As a result of such breaches, the Funds, the Union, and CRF are entitled and Ranger consented under the Payment Plan to the entry of judgment against Ranger for all amounts identified as due in the Payment Plan, and all sums that became due following the execution of the Payment Plan. Additionally, the Funds are entitled to interest as a consequence of entry of judgment.

14. That upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Ranger, there is a total of $76,075.78 known to be due the Funds, the Union, and CRF from Ranger, before the assessment of attorneys' fees and costs subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Ranger owes additional contributions and dues not yet identified by Ranger in its remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that Court enter judgment in favor of the Funds, the Union, and CRF for all unpaid contributions, dues, liquidated damages, interest, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the CBA and Trust Agreements.

**COUNT III. SUIT TO ENFORCE PERSONAL GUARANTEE**

1-10. The Funds, the Union and CRF re-allege and incorporate herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

**Jurisdiction and Venue**

11. This Court has jurisdiction over this claim because it is a suit by a labor organization that has its headquarters within this jurisdictional district. 29 U.S.C. § 185. This

Court also has supplemental jurisdiction over this Count because it is a claim "so related . . . that [it] form[s] part of the same case or controversy." 28 U.S.C. § 1367(a). Furthermore, Satwant K. Kaler stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit F).

12. Venue is proper in this Court because the Court has jurisdiction over the parties. 29 U.S.C. § 185(a). Venue is also proper in this Court because a substantial part of the acts or omissions giving rise to the claim occurred in Cook County, Illinois. 28 U.S.C. § 1391(b)(2).

**Allegations of Violations**

13. Satwant K. Kaler signed the Payment Plan agreement and agreed to be personally liable for the amounts owed to Funds, the Union, and CRF. Satwant K. Kaler also consented to the entry of judgment against her in the event that Ranger breached the Payment Plan.

14. Ranger has breached its obligations under the Payment Plan because it has failed to make its installment payments timely, and failed to submit its monthly reports, contributions, and dues timely. Ranger has failed to pay liquidated damages and interest that has accrued, including post-judgment interest. As a result of such breaches, the Funds, the Union, and CRF are entitled under the Payment Plan to the entry of judgment against Satwant K. Kaler for all amounts identified as due in the Payment Plan, and all sums that became due following the execution of the Payment Plan.

15. That upon careful review of all records, and after application of any and all partial payments made by Ranger, there is a total of $76,075.78 known to be due the Funds, the Union, and CRF from Satwant K. Kaler, before the assessment of attorneys' fees and costs, and subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Ranger owes additional contributions and dues not yet identified in its remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that Court enter judgment against Satwant K. Kaler and in favor of the Funds, the Union, and CRF for all unpaid contributions, liquidated damages, interest, and reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined.

### COUNT IV.  SUIT TO COLLECT CRF CONTRIBUTIONS

1-10.  CRF re-alleges and incorporates herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

### Jurisdiction and Venue

11.  This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331. Furthermore, Ranger consented to the jurisdiction of this court in the Payment Plan.

12.  Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

13.  Ranger has not submitted all of its contribution reports to CRF.  Ranger has failed to make timely payment of all contributions acknowledged to be due according to Ranger's own contribution reports and the collective bargaining agreement, and Ranger has failed to pay interest and liquidated damages required by the CBAs.  Accordingly, Ranger is in breach of its obligations to the CRF under the CBAs.

14.  That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Ranger, there is a total of $2,179.93 known to be due to CRF from Ranger subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. Order Ranger to submit all delinquent monthly contribution reports;

B. Enter judgment in favor of CRF and against Ranger for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Ranger's failure to submit all contribution reports required by the CBAs;

C. Enjoin Ranger to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBAs;

D. Award CRF such further relief as may be deemed just and equitable by the Court, all at Ranger's cost.

## COUNT V. SUIT TO COLLECT UNION DUES

1-10. The Union re-alleges and incorporates herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

### Jurisdiction and Venue

11. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185. Furthermore, Ranger stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit F).

12. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

13. Ranger has not submitted all of its dues reports to the Union. Ranger has failed to make timely payment of all dues acknowledged to be due according to Ranger's own reports and the collective bargaining agreement. Ranger is required to pay liquidated damages by the CBAs. Accordingly, Ranger is in breach of its obligations to the Union under the CBAs.

14. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Ranger, there is a total of $1,472.88 known to be due to the Union from Ranger before the assessment of fees and costs subject to the

possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A.  Order Ranger to submit all delinquent monthly dues reports;

B.  Enter judgment in favor of the Union and against Ranger for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs, including any amounts estimated to be due because Ranger failed to submit all dues reports required by the CBAs;

C.  Enjoin Ranger to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBAs;

D.  Award the Union such further relief as may be deemed just and equitable by the Court, all at Ranger's cost.

Dated: February 28, 2019         Respectfully submitted,

By:  s/ Brad H. Russell
   One of the Attorneys for the Plaintiffs

Attorneys for Local 150:

Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell *(brussell@local150.org)*
Local 150 Legal Dept.
6140 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6663
Fx: (708) 588-1647

Attorneys for the Funds and CRF:

Dale D. Pierson *(dpierson@local150.org)*
Brad H. Russell (*brussell@local150.org*)
Institute for Worker Welfare, P.C.
6140 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6669
Fx: (708) 588-1647